Per Curiam.

The jury had been informed, during the course of the trial, that Gramando had requested the District Attorney’s office to dismiss the gun charge against his wife and that such *753 charge had actually been dismissed before he testified against the appellant. The jurors had not, however, been told that Gramando had offered to explain an unsolved murder case if he were assured that his wife would not be prosecuted on the gun charge. We find in that circumstance no basis or warrant for concluding that there was either falsification of testimony by the witness or suppression of fact by the prosecutor.
When those portions of the trial record to which attention is called are read in context, Gramando’s testimony and the prosecutor’s statements (upon which the appellant relies for coram nobis relief) were to the effect only that the District Attorney had made no promise that Gramando would be “ taken care of ” or treated leniently in return for his testimony.. In other words, the statements that no promises had been made were necessarily related to promises of leniency to him and not to assurances that the charge against his wife would be dropped. It may well be that this, latter promise should also have been disclosed to the jury, but, since it was not the subject of inquiry or discussion at the trial, we believe, for the reasons stated in the Appellate Division’s dissenting opinion, that it could not have affected the jury’s appraisal of Gramando’s credibility.
The order of the Appellate Division should be reversed, the petition for a writ of error coram nobis dismissed and the judgment of conviction reinstated.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Order reversed, etc.